UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-61929-CIV-COOKE/TURNOFF

BETTY HAMILTON,

    Plaintiff,

vs.

MARYLAND CASUALTY COMPANY,
NORTHERN INSURANCE COMPANY OF
NEW YORK, MID-CONTINENT CASUALTY
COMPANY, and MT. HAWLEY INSURANCE
COMPANY,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, BETTY HAMILTON, by and through her undersigned counsel and pursuant to Fed.R.Civ.P. 15(a), hereby files her Motion for Leave of Court to Amend Complaint and Supporting Memorandum of Law, and states:

1. On September 4, 2012, Plaintiff filed a Complaint against the above-named Defendants.

2. Defendant, Mid-Continent Casualty Company, filed its Answer and Affirmative Defenses to Plaintiff's Complaint on October 5, 2012.

3. Defendant, Mt. Hawley Insurance Company, filed its Answer and Affirmative Defenses to Plaintiff's Complaint on October 12, 2012.

4. Defendants, Maryland Casualty Company and Northern Insurance Company of New York, filed their Answer and Affirmative Defenses to Plaintiff's Complaint on October 15, 2012.

5. In their Answers and Affirmative Defenses, each of the Defendants raised various issues with regard to whether or not the claims raised in Plaintiff's initial Complaint were claims for

"property damage" which would trigger coverage under the Defendants' respective policies. As more particularly described in her Memorandum of Law, and without conceding that her original Complaint was defective, Plaintiff believes that, by amending her original Complaint, she can address many of the issues raised in Defendants' Answers and Affirmative Defenses, and remove from the dispute claims for loss which would not be covered losses and claims.

6. Pursuant to this Court's December 26, 2012 Order Setting Civil Trial Date and Pretrial Deadlines (D.E. 18), the deadline to amend pleadings is Friday, March 22, 2013.

7. The parties have not engaged in any discovery to date. Therefore, none of the Defendants would be prejudiced by the granting of this motion.

8. Plaintiff's proposed Amended Complaint is attached hereto as **EXHIBIT "A"**.

## MEMORANDUM OF LAW

Fed.R.Civ.P. 15(a) provides, in pertinent part, that the amendment of pleadings "shall be freely granted where justice so requires."  A plaintiff should be allowed to amend his complaint to plead the essential elements of his claim where Defendant has not filed an answer, no discovery has been conducted, and where Plaintiff's complaint has not previously been substantially amended. *Chisolm v. Tran-South Financial Corp.*, 95 F.3d 331 (4th Cir. 1996).

If the Amended Complaint is allowed and filed, many of the issues raised by the Defendants in their Answers and Affirmative Defenses with regard to the various items of damages claimed by Plaintiff in paragraph 14 of her original Complaint would be resolved. More specifically, Defendants contend that all or a portion of the items of damage claimed by Plaintiff in her original Complaint are not for "property damage to tangible property" as defined in their policies, as those policies are interpreted by applicable Florida law, to wit: *United States Fire Insurance Company v. J.S.U.B.*, 979 So.2d 871 (Fla. 2007), and *Auto-Owners Insurance Company v. Pozzi Window Company*, 984 So.2d 1241 (Fla. 2008).  Plaintiff submits that the

items of damages now listed in paragraph 14 of Amended Complaint, which deletes claims for certain items of damage claimed in the underlying Nurmi Drive Construction Litigation and in her original Complaint herein, are consistent with, and thus covered by the holdings in the *J.S.U.B.* and *Pozzi* decisions referenced above. In addition, Plaintiff's amendment, to the extent that it deletes certain items of damage from her claim in this case, would narrow the issues in both the discovery phase and trial of this cause.

WHEREFORE, based on the foregoing, Plaintiff requests that her Motion for Leave to Amend Complaint be granted.

**CERTIFICATION REQUIRED BY S.D. Fla. L.R. 7.1 A 3(a)**

The undersigned communicated with counsel for Defendants on March 21, 2013 and March 22, 2013 in an effort to confer as to their position on this Motion For Leave of Court to Amend Complaint, and was informed that the Defendants do not object to the relief sought herein.

Respectfully submitted this 22nd day of March, 2013.

    s/C. Edward McGee, Jr.
C. Edward McGee, Jr., Esq.
Florida Bar No. 174885
E-mail: emcgee@mcgeehuskey.com
McGEE & HUSKEY, P.A.
2850 North Andrews Avenue
Fort Lauderdale, Florida 33311
Telephone: (954) 563-8200
Facsimile: (954) 566-7754
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via **CM/EFC** on **March 22, 2013** on all counsel or parties on the Service List below.

                                                s/ C. Edward McGee, Jr.
                                                C. Edward McGee, Jr., Esq.

Betty Hamilton v. Maryland Casualty Company, Northern Insurance Company Of New York, Mid-Continent Casualty Company And Mt. Hawley Insurance Company
Case No. 12-CV-61929- COOKE/TURNOFF
United States District Court, Southern District Of Florida

**SERVICE LIST**

BRADLEY S. FISCHER
Florida Bar No. 716553
E-mail: fischer@lbbslaw.com
Lewis Brisbois Bisgaard & Smith
200 SW 1st Avenue - Suite 910
Fort Lauderdale, FL 33301

SORRAYA M. SOLAGES
Florida Bar No. 568856
E-mail: ssolages@lbbslaw.com

*Attorneys for Maryland Casualty Company & Northern Insurance Company of New York*

JOHN R. CATRIZONE
Florida Bar No. 695491
E-mail: catizone@litchfieldcavo.com
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, FL 33334

MORRIS D. PATAKY
Florida Bar No. 564311
E-mail: pataky@litchfieldcavo.com

*Attorneys for Mid-Continent Casualty Company*

SINA BAHADORAN, ESQ.
Florida Bar No. 523364
E-mail: sbahadoran@hinshawlaw.com
Hinshaw & Culbertson, LLP
2525 Ponce de Leon Blvd., Suite 400
Coral Gables, FL 33134-6044

TODD DAVIS, ESQ.
Florida Bar No. 58470
E-mail: tdavis@hinshawlaw.com

*Attorneys for Mt. Hawley Insurance Company*